UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                 Case No.  2:19-10711
                                                 Honorable Victoria A. Roberts

BRIAN FLYNN

    Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**I.    Introduction**

The matter before the Court is Plaintiff's Motion For Entry of Default Judgment against Brian Flynn. Because Brian Flynn did not respond to Berkshire's complaint in the time specified by law, the Court **GRANTS** the Plaintiff's motion.

**II.    Background and Procedural History**

Around January 7, 2017, Flynn completed and signed an Application for Disability Insurance. The application required the completion of additional documentation such as representations to the Medical Examiner and a declaration of insurability. Both documents were inaccurate or omitted information concerning Flynn's medical history. Flynn submitted an amendment to the application; it contained inaccurate information as well.

On March 11, 2017, Flynn submitted a policy delivery receipt that attested to the accuracy and truthfulness of his documents. This document also contained false representations. Unaware that his documents contained inaccuracies, Berkshire issued

a disability income policy to Flynn. Berkshire noticed the inaccurate information in Flynn's documents during the review process for a disability insurance benefits claim.

Berkshire sent Flynn a letter informing him that it rescinded his policy and would refund all premiums plus interest. Additionally, Berkshire sent a check for $500 as consideration for a release on all claims. Berkshire filed its Complaint for Declaratory Judgment and Rescission on March 8, 2019 and properly served Flynn on March 17, 2019. The court clerk entered a default on April 17, 2019. While Flynn did not answer or respond to the Complaint, he cashed the $500 check and the check containing the refunded premiums and interest.

### III. Analysis

First and foremost, the Court has personal jurisdiction over Flynn because he was properly served. *Kana Inv. Corp. v. FDIC*, No. 12-13689, 2013 U.S. Dist. LEXIS 112006, at *2 (E.D. Mich. July 10, 2013). Obtaining a default judgment is a two-step process covered by Rule 55 of the Federal Rules of Civil Procedure. The plaintiff first receives an entry of default. Fed. R. Civ. P. 55(a). For claims for a sum certain or amounts that are computable, the court clerk can enter the default or the Court itself will enter the default judgment for all other claims. Fed. R. Civ. P. 55(b).

Berkshire seeks a default judgment rescinding the Policy issued to Flynn. Therefore, Rule 55(b)(2) applies. The Court **GRANTS** Berkshire's Motion For Entry of Default Judgment against Brian Flynn.

### IV. Conclusion

Plaintiff's motion is **GRANTED**. Default Judgment will enter against Defendant.

**IT IS ORDERED**.

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: August 22, 2019